IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PEDRO VILLEGAS,            )
    Plaintiff/Petitioner )
                           )
v.                         )    Case No.
                           )
UNITED STATES AIR FORCE    )    2:09 CV 917-WKW
    Defendant/Respondent   )

RECEIVED

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT A[L]

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

TO THE HONORABLE COURT:

COMES NOW, Pedro Villegas, Pro-Se, and very respectfully states and prays as follows:

1. This action is brought under the FREEDOM OF INFORMATION ACT (hereinafter referred to as FOIA), Title 5 U.S.C. §552.

2. This Honorable Court has Jurisdiction under Title 5 U.S.C. §552.

    a. This action arises from the defendant/respondent's failure to provide the petitioner with copies of the documents requested through formal FOIA request.

3. Defendant, United States Air Force, is an agency of the United States government and it has possession and control over the documents/records the petitioner seeks.

4. The following is a list of the request[s] made by the petitioner to the defendant, and disposition[s].

    a. On or about March 2009 petitioner filed a formal FOIA request with the defendant for the asbestos assessment reports/documents/logs for the Maxwell AFB Officers' Club and for Gunter Annex (Falcon's Nest Restaurant) on or about July/August 2007. Petitioner also requested all records/documents, information and reports/logs specifically addressing the discovery, of asbestos containing materials during the remodeling projects at the "pit" area of the Maxwell AFB Officers' Club on or about July-August 2007. Copies of the **daily reports made by Mr. Edward Wells about inmate daily work assignments from January 2008 to July 2008.**

    b. On or about 23 APR 2009 respondent received from defendant <u>some</u> of the documents/records requested. Respondent also received a letter where defendant stated: "however the daily reports made by Mr. Edward Wells about inmate work assignments from January 2008 to July 2008 are maintained by the Federal Prison Camp." See Exhibit #1.

c. On or about 4/29/2009 petitioner filed 2 inmate requests to staff requesting from the prison liaison, Mr. S. Thames, copy of the daily reports made by Mr. Edward Wells (Air Force civilian employee in charge of petitioner's former work detail) about inmate daily work assignments from January 2008 to July 2008. On or about 5/8/2009 at approximately 2:00PM petitioner was summoned to Mr. S. Thames office. While at Mr. Thames' office petitioner was informed that the Prison Camp did not have or maintain the above mentioned documents. To further made his point Mr. Thames, on petitioner's presence, contacted Mr. Edward Wells and ask him about the daily reports. Mr. Wells informed Mr. S. Thames that he keep the documents in his possession but that the ones concerning the dates from January 2008 to July 2008 were keep by MS. S. Kobelia's office. MS. S. Kobelia is a civil employee of the United States Air Force.

d. On or about June 6, 2009 petitioner mailed a letter to defendant requesting, for the second time, the daily reports made by Mr. Edward Wells about inmate daily work assignments from January 2008 to July 2008. In the letter petitioner also inquire defendant if in order to get the requested documents he have to file a new FOIA request. See Exhibit #2.

e. On or about 9/15/2009 petitioner received a letter from defendant where defendant, again, claimed that the requested documents are keep and/or belongs to the Federal Prison Camp and that petitioner's request for those documents must be processed by the FPC. See Exhibit #3.

   f. On or about 9/18/2009 petitioner filed an inmate request to staff to his unit team requesting copy of the daily reports made by Mr. Edward Wells about inmate daily work assignments from January 2008 to July 2008. Petitoner also request the BOP to inform him in writing if in fact the Air Force is in possession of the requested documents. Petitioner also requested the BOP to provide him with the documents requested if the BOP is in possession of the documents.

   g. On or about 9/22/2009 petitioner received a response to his request to staff where his unit team informed him about the fact that the BOP is not in possession of the documents requested. See Exhibit #4.

5. Petitioner has a statutory right to the records that he seeks, and their is no legal basis for the defendant's failure to disclose them to him. The petitioner has made a showing that the defendant have improperly withheld agency records from petitioner.

6. **THEREFORE,** petitioner respectfully prays that this Honorable Court:

   a. Declare that the defendant's failure to disclose the records/documents requested by the petitioner is <u>unlawful</u>.

   b. Issue an **injunction** to prevent the defendant from relying on their repeated invalid practice of directing the petitioner to request the documents to the BOP.

   c. Issue an **injunction** ordering the defendant to comply with petitioner's request for documents/records.

   d. Make a written finding that the circumstances surrounding the withholding of petitioner's FOIA request, raises questions whether there has been arbitrary and capricious agency action; and make a referral of the matter/finding to the **Merit System Protection Board** for investigation, pursuant to **Title 5 U.S.C. §552(a)(4)(F)** and **Title 5 U.S.C. §552a(g)(4)**.

   e. Award petitioner his litigation cost and reasonable llegal expenses and fees Iincurred in this action pursuant to **Title 5 U.S.C. §552(a)(4)(E)** and **Title 552a(g)(3)(B), (4), (5)**. Litigation costs, legal expenses, and fees incurred in this action to be determined at the end of litigation (petitioner do not have any way of forecasting the total cost at this time).

   f. Expedite action pursuant to **Title 28 U.S.C. §1657(a)**.

   g. Grant such other relief as this Honorable Court may deem just and proper.


**RESPECTFULLY SUBMITTED** this 25 of September of 2009.


PEDRO VILLEGAS, Pro-Se
Reg. 24165-069
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL 36112

## CERTIFICATE OF SERVICE

I hereby certify that on the day _25_ of September of 2009 I have mailed, by United States Postal Service, a true and correct copy of same to:

UNITED STATES AIR FORCE
Mr. Willie J. Shingles
42 CF/SCOK (FOIA/PA)
50 LeMay Plaza South
Montgomery, AL 36112-6334


_____
PEDRO VILLEGAS, Pro-Se
Reg. 24165-069
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL 36112

24165-069
Pedro J Villegas
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL - 36112
United States

Montgomery P&DC 360
MON 28 SEP 2009 PM

FEDERAL PRISON CAMP
MAXWELL AFB, ALA.
DATE 9/25/09

The enclosed letter was processed though special
procedure for forwarding to you.
It has been neither opened nor inspected.
If it raises a question or problem over which
this facility has jurisdiction, you may wish to return
the material for further information or clarification.
If the writer enclosed correspondence for forwarding
to another addressee, please return the enclosed to
the above address.

24165-069
OFFICE OF THE CLERK
U.S. District Court
P.O. Box 711
Montgomery, AL - 36101
United States

Legal Mail