IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEDRO J. VILLEGAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: **2:09-CV-00917-WKW** |
| | ) |
| UNITED STATES AIR FORCE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO RULE 26(F) ORDER AND
REQUEST FOR CLARIFICATION**

**COMES NOW** Defendant, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submits this Response to the Court's March 11, 2010, Order directing the parties to file a Rule 26(f) report with a discovery plan no later than April 23, 2010. As set forth below, the Federal Rules of Civil Procedure specifically exclude lawsuits asserted by pro se prisoners such as the present one from the requirements of Rule 26 regarding initial disclosures and scheduling conferences. Moreover, the type of statutory claim asserted in this lawsuit is generally decided on motions for summary judgment without the need for any discovery. Accordingly, Defendant submits that the Court excuse the parties from the Rule 26(f) and discovery requirements and instead issue a briefing schedule for the parties to submit dispositive motions. In further support of this relief, Defendant submits the following:

1.

Plaintiff, who is proceeding pro se, is an inmate incarcerated at the Federal Prison Camp on Maxwell Air Force Base. He commenced this action on September 29, 2009, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the release of daily "inmate work assignment" reports purportedly maintained by Maxwell Air Force Base, Alabama.

2.

On or about March 11, 2010, Plaintiff moved for an extension of time to file a response to Defendant's answer or a dispositive motion. The Court denied Plaintiff's motion as moot, and issued an Order directing the parties to meet and confer and submit a proposed Rule 26(f) scheduling and discovery plan to the Court by April 23, 2010. (March 11, 2010, Order).

3.

The Eleventh Circuit recently addressed the applicability of Rule 26 discovery requirements, including the meet and confer requirements of Rule 26(f), to lawsuits asserted by pro se inmates such as the present one:

> Federal Rule of Civil Procedure 26(a)(1) requires that parties to civil actions make initial disclosures. Fed. R. Civ. P. 26(a)(1)(A). The rule, however, exempts proceedings brought under Fed. R. Civ. P. 26(a)(1)(B). Id. One such proceeding is "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." Fed. R. Civ. P. 26(a)(1)(B)(iv). Thus, defendants in civil actions brought by pro se prisoners are not subject to the initial disclosure requirements. Id. Likewise, proceedings exempt from initial disclosures under Fed. R. Civ. P. 26(a)(1)(B) are not subject to the Rule 26(f) discovery conference rules. Fed. R. Civ. P. 26(f)(1).

Ray v. Equifax Information Servs., LLC, 327 Fed. Appx. 819, 824 (11th Cir. 2009). See also Hall v. Holman, 2006 U.S. Dist. LEXIS 64305, at *14 n.1 (D.Del. Sept. 8, 2006) (noting that Rule 26(f) meetings in pro se prisoner cases "occur infrequently, if at all"). Accordingly, Defendant submits that by operation of the Federal Rules this lawsuit is exempt from the Rule 26(f) requirements and the parties should be excused from the meet and confer and initial interrogatory requirements.

4.

Furthermore, Defendant submits that the Eleventh Circuit has stated that FOIA lawsuits, such as the present one, should be decided on motions for summary judgment. See Miccosukee Tribe of

Indians of Fla. v. United States, 516 F.3d 1235, 1243 (11th Cir. 2008), Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment..."). Moreover, courts have generally decided motions for summary judgment filed in FOIA lawsuits without the need for any discovery. See, e.g., Tamayo v. U.S. Dep't of Justice, 544 F. Supp. 2d 1341, 1343 (S.D. Fla. 2008) ("As a general rule, courts have disallowed discovery in FOIA actions or have permitted discovery, when deemed necessary, only a limited basis."); Voinche v. FBI, 412 F. Supp. 2d 60, 71 (D.D.C. 2006) ("FOIA actions are typically resolved without discovery); Wheeler v. CIA, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."). Accordingly, given the nature of FOIA actions, Defendant proposes that the Court issue a briefing schedule for the parties to submit dispositive motions in this case so that this FOIA matter can be resolved promptly. Defendant proposes that the court make dispositive motions due at least 21 days from the issuance of any Court briefing schedule, with 21 days for each party to respond, and 14 days for the parties to file reply briefs.

5.

For the foregoing reasons, Defendant seeks relief from the Rule 26(f) requirements imposed by this Court's March 11, 2010, Order, and proposes that the Court issue a dispositive motion briefing schedule for the parties to submit summary judgment motions.

Respectfully submitted this the 12th day of March 2010.

                    LEURA G. CANARY
                    United States Attorney

By: s/James J. DuBois
    JAMES J. DUBOIS
    Assistant United States Attorney
    GA Bar Number: 231445
    Post Office Box 197
    Montgomery, AL  36101-0197
    Telephone No.: (334) 223-7280
    Facsimile No.: (334) 223-7418
    E-mail: **James.DuBois2@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

Pedro J. Villegas
Reg. No. 24165-069
MONTGOMERY FEDERAL PRISON CAMP
Inmate Mail/Parcels
MAXWELL AIR FORCE BASE
Montgomery, AL 36112

                    /s/ James J. DuBois
                    Assistant United States Attorney