IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2010 MAR 24 A 9:16

P. HACKETT, CLK
DISTRICT COURT
M.F DISTRICT ALA

PEDRO J. VILLEGAS, )
　　　　　　　　　　　 )
　　　Plaintiff, 　　　　)
　　　　　　　　　　　 )
v. 　　　　　　　　　　 )　Civil Action No. 2:09-cv-917-WKW
　　　　　　　　　　　 )
UNITED STATES AIR FORCE, )
　　　　　　　　　　　 )
　　　Defendant. 　　　 )

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RESPONSE TO RULE 26(F) ORDER
AND MOTION FOR LEAVE TO INITIATE LIMITED DISCOVERY

COMES NOW the plaintiff, Pedro J. Villegas, pro-se, and submits his opposition to defendant's proposal to this Honorable Court to issue a briefing schedule for the parties to submit dispositive motions without discovery. Plaintiff further request this Honorable Court leave to start limited discovery to address existing issues of material facts. In support thereof plaintiff states and prays as follows:

1.

Plaintiff opposes defendant's request to issue a briefing schedule for the parties to submit dispositive motion without discovery for the following reasons:

a. Plaintiff commenced this action on September 29, 2009, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the release of the "daily reports made by Mr. Edward Wells (Air Force's civilian employee at all times pertinent to the facts) about inmate daily work assignments from January 2008 to July 2008."

b. On 23 APR 2009 defendant acknowledged the existence and the source of the above mentioned document. See Doc. No. 14-3 filed 1/20/2010 which states in pertinent part as follows: "however the daily reports made by Mr. Edward Wells about inmate work assignments from January 2008 to July 2008 are maintained by the Federal Prison Camp.

c. On or about 4/29/2009 plaintiff filed two inmates requests to staff requesting from the prison liaison, Mr. S. Thames, copy of the daily reports made by Mr. Edward Wells (Air Force civilian employee in charge or plaintiff's former work detail).

d. On 1/20/2009 defendant filed an answer (Doc. No. 14-1) where defendant accepted as true plaintiff's allegations that Mr. Edward Wells and MS. S. Kobelia were employed by defendant; and that Mr. S. Thames and Mr. E, Wells discussed the records at issue, however, defendant claimed that it "lacks knowledge of information sufficient to form a belief as to the truth or falsity of the averments made" in multiple sentences of the complaint. Further defendant denied the records at issue were kept by defendant and specifically at MS. S. Kobelia's office. The denial of this allegation creates a genuine issue as to a material fact. This issue as to a material fact could not be justly resolved without the use of the discovery tools. Plaintiff further alleges that the information he will receive during the discovery process will help this Honorable Court as well as defendant to gain knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made by plaintiff in his complaint.

e. Since there are genuine issues as to a material fact in this case, plaintiff respectfully request this Honorable Court to **DENY** defendant's proposal to issue a briefing schedule for the parties to submit dispositive

2

motions without discovery. Summary judgement is appropriate [only] "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to nay material fact and that the movant is entitled to judgement as a matter of law." Fed.R.Civ.P. 56(c). <u>Allen v. U.S. EEOC OFFICE</u>, 2010 U.S. App. LEXIS 3779 (11th Cir. 2010) citing <u>Ellis v. England</u>, 432 F.3d 1321, 1326 (11th Cir. 2005)(per curiam)(citation omited). Summary judgement may not be proper until after the district court rules on outstanding discovery motions. <u>Vinning v. Runyon</u>, 99 F.3d 1056, 1058 (11th Cir. 1996)(per curiam). "[t]he party opposing summary judgement may move the court to permit the discovery necessary to oppose the motion." <u>Reflectione</u>, 862 F.2d at 871.

f. Defendant rely on <u>Tamayo v. U.S. Dep't of Justice</u>, 544 F.Supp. 2d 1342, 1343 (S.D. Fla. 2008), which is not binding in this Court, to support his request. In <u>Tamayo</u>, the district court denied plaintiff's request to the court to compel defendants to fully respond to the admissions request served in the case **only after** the court's review of the record showed that the issues involved were fundamentally legal ones and not issues of material facts. <u>Tamayo</u>, Id. at 1344. Therefore, plaintiff alleges that the instant case is different because plaintiff's discovery will be aimed to specifically address issues of material facts.

2.

Plaintiff have no opposition to defendant's request to this Honorable Court that the parties should be excused as to the meeting requirements of Rule 26(F).

3.

Plaintiff have no opposition to defendant's avertion that FOIA lawsuits, such as the present one, should be decided on motions for summary judgement, but, **ONLY AFTER PLAINTIFF IS ALLOWED TO USE THE DISCOVERY TOOLS.**

4.

Plaintiff proposed discovery will be limited to interrogatories, requests for admissions, and possible depositions of certain Air Force's and BOP's employees that have information and/or knowledge of specific facts that are in dispute on this case.

WHEREFORE, plaintiff prays this Honorable Court to **deny** defendant's proposal to issue a briefing schedule for the parties to submit dispositive motions without discovery, and to **grant** plaintiff's request for leave to start a limited discovery.

RESPECTFULLY SUBMITTED this **21** day of March, 2010.

Pedro J. Villegas
Plaintiff, pro-se
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL 36112

### CERTIFICATE OF SERVICE

I hereby certify that on this **21** of March, 2010 I have mailed, by United States Postal Service, a copy of same to:

U.S. Attorney's Office
P.O. Box 197
Montgomery, AL 36101-0197

Pedro J. Villegas

⇔24165-069⇔
Pedro J Villegas
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL - 36112
United States

MONTGOMERY AL 360
23 MAR 2010 PM 1 T



⇔24165-069⇔
OF THE CLERK
U.S. District Court
P.O. Box 711
Montgomery, AL - 36101
United States